IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HON. LORI HACKENBERG, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 4:25-CV-01024 |
| | : | |
| DANIEL BOZIN, | : | Judge Matthew W. Brann |
| BOZIN MEDIA GROUP, LLC d/b/a | : | |
| BOZIN MEDIA, and | : | |
| BOZIN HOLDINGS, LLC, | : | |
| Defendants. | : | JURY OF 12 DEMANDED |

**DEFENDANTS' SPECIAL MOTION TO DISMISS
OR FOR AN ENTRY OF JUDGMENT FILED PURSUANT TO THE
UNIFORM PUBLIC EXPRESSION PROTECTION ACT**

COMES NOW Defendants Daniel Bozin, Bozin Media Group, LLC d/b/a Bozin Media and Bozin Holdings, hereinafter also sometimes referred to as 'Defendants,' by and through her counsel, Kolman Law PC, makes the following Special Motion:

INTRODUCTION

1.  On June 6, 2025 Plaintiff Lori Hackenberg ("Hackenberg"), the sitting President Judge of Snyder-Union Counties Court of Common Pleas took the extraordinary step of initiating this SLAPP[1] action against Defendants. This is doubly noteworthy as Hackenberg issued a bench warrant against Defendant Daniel Bozin ("Bozin") in criminal proceedings against Bozin in the Court of Common Pleas. Defendants now seek relief from Hackenberg's SLAPP suit under Pennsylvania's Uniform Public Expression Protection Act ("UPEPA"), 42 Pa.C.S.A. § 8340.11, *et seq.* and other avenues provided by the Federal Rules of Civil Procedure.

---

[1] Strategic Lawsuit Against Public Participation.

FACTUAL AND LEGAL BACKGROUND

2.  On June 18, 2025, Plaintiff Lori Hackenberg ("Hackenberg") filed a First Amended Complaint ("FAC") [Doc. 7] alleging that Defendants cast Hackenberg in a false light by:

   A.  Having a "sham" change.org petition calling for Hackenberg's impeachment and asserting that "the tragic loss of six year old Adam Gitter reveals the dire consequences of bias and corruption." [Doc. 7, ¶ 40].

   B.  Defendants' fightcorruptionpa.com website and Facebook page link to a change.org petition which contains an image "similar to" a Facebook image shown in the FAC. In her complaint, Hackenberg does not show the actual image which she claims is in the linked petition or allege that Defendants created or published the image shown in the FAC. Rather, Hackenberg claims that there is a "similar" image. [Doc. 7, ¶ 41]

   C.  Publishing (at unspecified locations) the hashtags #kidsforcash, #courtcorruption, #endjudicialabuse, and #savekids with links to other publications about Hackenberg. [Doc. 7, ¶ 42]

   D.  Manipulating the "Impeach Lori Hackenberg" social media page (platform unspecified) and "promoting" malicious images such as (presumably) one depicting Hackenberg with horns, $100 bills in front of gagged children, and the legend, "Judge Lori Hackenberg: Where Children are Auctioned for Profit." Hackenberg does not allege that Defendants created or published the images. [Doc. 7, ¶ 43]

  E. Bozin Media Group paid for and "propagated", under the social media account, "Impeach Judge Lori Hackenberg of Union and Snyder Counties," and an image stating "Corruption in Pennsylvania COST$ YOU.  #stopthehack." [Doc. 7, ¶ 43]

  F. Hiring an aircraft to fly over a Snyder County Night Out (on an unspecified date), towing a banner reading, "impeach Judge Hackenberg -fight-corruptionpa.com" [Doc. 7, ¶ 47]

  G. Attempting to "blackmail" Hackenberg with images depicting Hackenberg's daughter consuming alcohol while underage. Hackenberg does not allege that Bozin actually published the images to the public. [Doc. 7, ¶¶ 45-46].

  H. Making a series of post-complaint social media posts regarding the facts and circumstances around his various involvements with the criminal justice system in Snyder County.[2]  [Doc. 7, ¶¶ 55, 59]

  3. The Change.org petition referenced in paragraph 40 of the FAC appears to be published by Jane Smith as "Petition Starter." See true and correct copy of Change.org petition website attached hereto as Exhibit 1. Defendants did not originate and do not maintain or otherwise exercise ownership and/or control of the Change.org petition. See Affidavit of Daniel Bozin attached hereto as Exhibit 2. The Change.org petition was created on September 9, 2023.

---

[2] Hackenberg goes to some pains to point out that Bozin made the posts "[a]fter being notified this litigation was filed . . ." [Doc. 7, ¶ 55] and that Bozin posts "[e]ven to this day, after Bozin had this lawsuit in hand . . ." [Doc. 7, ¶ 59]. It would seem that Hackenberg's primary purpose of including this material in the First Amended Complaint is to express her frustration that her strategy of attempting to silence Bozin is retaliatory litigation has not succeeded in gagging Bozin.

See Exhibit 1. Criminal proceedings in Snyder County were not initiated against Bozin until November 11, 2023. See true and correct copy of UJS docket sheet attached hereto as Exhibit3. Further, the petition does not appear to contain the text quoted by Hackenberg at paragraph 40 of the FAC. See Exhibit 1.

4. Defendants did not create or publish the image depicted at paragraphs 41 and paragraph 43 of the FAC. See Exhibit 2. Rather, the Facebook page Impeach Judge Lori Hackenberg of Union and Snyder Counties, PA appears to have created and published that image. This Facebook page is not owned, administered, or maintained by Defendants.

5. The hashtags indicated in paragraph 42 are not capable of false light and the location of their use is unspecified by Hackenberg.

6. Defendants did hire an aircraft to fly a banner as indicated in paragraph 47. Further, Defendants created and maintains the website, FightCorruptionPA.com. See Exhibit 2. The website mentions Hackenberg on its "About" page. See the true and correct copy of the FightCorruptionPA.com "About" page attached as Exhibit 4. The website further mentions Hackenberg in the "Stories > Adam Gitter" page. See the true and correct copy of the FightCorruptionPA.com "Stories > Adam Gitter" page attached as Exhibit 5.

7. Bozin did not influence, manipulate, or otherwise cause Elena Belogolovsky to publish any communications or material relating to Hackenberg. See Exhibit 2.

8. On July 17, 2024, Governor Josh Shapiro signed into law the Uniform Public Expression Protection Act ("UPEPA"), 42 Pa.C.S.A. § 8340.11, *et seq*, with immediate effect.

9. In enacting UPEPA, the General Assembly found that "[i]t is in the public interest to encourage continued participation in matters of public significance.  This participation should not be chilled through abuse of the judicial process."  42 Pa.C.S.A. § 8340.12(2).

10. UPEPA "grants immunity to those... parties exercising the rights to protected public expression," and "awards attorney fees."  42 Pa.C.S.A. § 8340.12(3)(i) and (ii).

11. "Broad construction of this subchapter will implement the goals under paragraphs (2) and (3)."  42 Pa.C.S.A. § 8340.12(4).

12. UPEPA defines "protected public expression" to include the rights of freedom of speech and petition on matters of public concern guaranteed by the First Amendment of the Constitution of the United States, or Sections 7 and/or 20 of Article I of the Constitution of Pennsylvania."  42 Pa.C.S.A. § 8340.13(3)(i) and (ii).  Additionally, UPEPA defines "protected public expression" as "communication on an issue under consideration or review in a legislative, executive, judicial or administrative proceeding."  42 Pa.C.S.A. § 8340.13(2).

13. The First Amendment to the Constitution of the United States provides that Congress shall make no law... abridging the freedom of speech... and to petition the Government for a redress of grievances."  U.S.C.A. Const. Amend. I.   The First Amendment has been incorporated to the states via the Fourteenth Amendment.  See *Gitlow v. New York*, 268 U.S. 652 (1925)

14. Article I of the Constitution of Pennsylvania protects "free communications of thoughts and opinions... and every citizen may freely speak, write, and print on any subject..." Const. Art. 1, § 7.  ("§ 7)

15. The statements made by Defendants in the banner and the FightCorruptionPA.com website are protected public expression under UPEPA, the First Amendment, and Article I of the Pennsylvania Constitution.

16. UPEPA grants immunity "from civil liability for a cause of action based on protected public expression. 42 Pa.C.S.A. 8340.12(3)(i); 42 Pa.C.S.A. 8340.15.

17. UPEPA provides that a "cause of action based on protected public expression" is "[a] cause of action under section 8340.14." 42 Pa.C.S.A. 8340.13.

18. UPEPA brings invasion of privacy claims within the scope of its coverage. 42 Pa.C.S.A. 8340.14 (b)(4)(i)(C).

19. Hackenberg's false light invasion of privacy complaint constitutes a cause of action based on protected public expression and is subject to the provisions of UPEPA.

20. UPEPA authorizes a party to "file a special motion for dismissal of or judgment on a cause of action... based on a party's protected public expression immunity." 42 Pa.C.S.A. § 8340.1.16(a).

21. A special motion must ordinarily be filed within 60 days of service of the pleading asserting the cause of action. 42 Pa.C.S.A. § 8340.1.16(b)(1).

22. UPEPA provides a compulsory award of attorney fees, court costs, and litigation expenses should a party be found to be immune under section 8340.15. 42 Pa.C.S.A. § 8340.16 (a)(1).

23. UPEPA provides a compulsory award of attorney fees, court costs, and litigation expenses if the opposing party voluntarily discontinues the action under Pa. R.C.P. No. 230 (relating to voluntary nonsuit) with or without prejudice. 42 Pa.C.S.A. § 8340.16 (a)(2).

COUNT I - FAILURE TO STATE A CAUSE OF ACTION
UPEPA ( 42 Pa.C.S.A. 8340.15 (1)(ii)) and/or Fed.R.Civ.P. 12(b)(6)

24. Paragraphs 1 through 23 of this Motion are hereby restated and reincorporated by reference as though fully set forth.

25. UPEPA grants immunity to a defendant where the "party asserting the cause of action based on protected on public expression fails to "state a cause of action upon which relief can be granted." 42 Pa.C.S.A. 8340.15 (1)(ii).

26. The Federal Rules of Civil Procedure provide that a defendant may assert by motion the plaintiff's failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

27. The United States Court for the District of New Jersey has recently observed that New Jersey's similar enactment of the UPEPA failure to state a claim test is "on all-fours" with Rule 12. *Paucek v. Shaulis*, 2025 WL 1298457, *10 (D. N.J. May 6, 2025).

28. In Pennsylvania, the elements of a false light claim are "'(1) publicity, (2) given to private facts, (3) which could be highly offensive to a reasonable person, and (4) which are not of legitimate concern to the public.'" *Smith v. Borough of Dunmore*, 633 F.3d 176, 182 (3d Cir. 2011) (citing of *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987 (Pa.Super.1997)).

29. A person's "stature in the community as a public figure result[s] in relinquishment of insulation from scrutiny of his public affairs. *Neish v. Beaver Newspapers, Inc.*, 398 Pa.Super. 588, 598, 581 A.2d 619, 625 (Pa.Super. 1990) (citing See *Harris by Harris v. Easton Publication Co*. 335 Pa.Super. 141, 483 A.2d 1377 (1984); *Aquino v. Bulletin Co.*, 190 Pa.Super. 528, 154 A.2d 422 (1959); *Hull v. Curtis Publishing Co.*, 182 Pa.Super. 86, 125 A.2d 644 (1956)).

30. Defendants are immune from liability for Hackenberg's false light invasion of privacy suit, as Hackenberg has not stated a cause of action upon which relief can be granted as Hackenberg has failed to allege that Bozin publicized private facts which could be highly offensive to a reasonable person and are not matters of legitimate public concern.

WHEREFORE, Defendants Daniel Bozin, Bozin Media Group, LLC d/b/a Bozin Media and Bozin Holdings respectfully request that the Honorable Court dismiss Plaintiff's First Amended Complaint with prejudice and enter an Order compelling Hackenberg to pay Defendants' attorney fees, court costs, and litigation expenses.

COUNT II - FAILURE TO CREATE GENUINE ISSUES OF MATERIAL FACT
UPEPA ( 42 Pa.C.S.A. 8340.15 (2) and/or Fed.R.Civ.P. 56

31. Paragraphs 1 through 30 of this Special Motion are restated and reincorporated by reference as though fully set forth.

32. UPEPA grants immunity to a defendant where "[t]here is no genuine issue as to any material fact, and the person against whom the cause of action based on protected public expression has been asserted is entitled to judgment as a matter of law in whole or in part." 42 Pa.C.S.A. § 8340.15(2).

33. The Federal Rules of Civil Procedure permit a plaintiff to file a motion for summary judgment at any time up to thirty days following the close of discovery. Fed.R.Civ.P. 56 (b).

34. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The court should state on the record the reasons for granting or denying the motion." Fed.R.Civ.P. 56 (a).

35. The United States Court for the District of New Jersey has recently observed that New Jersey's similar enactment of the UPEPA judgement as a matter of law test is "on all-fours" with Rule 56. *Paucek v. Shaulis*, 2025 WL 1298457, *10 (D. N.J. May 6, 2025).

36. Defendants are immune from liability for Hackenberg's false light invasion of privacy suit, as there is no genuine issue as to any material fact, and Hackenberg is entitled to judgment as a matter of law.

37. Hackenberg fails to create an genuine issue of material fact that Bozin publicized private facts which could be highly offensive to a reasonable person and are not matters of legitimate public concern.

38. Bozin is entitled to judgment as a matter of law.

WHEREFORE, Defendants Daniel Bozin, Bozin Media Group, LLC d/b/a Bozin Media and Bozin Holdings respectfully request that the Honorable Court enter judgment in their favor and against Hackenberg, and enter an Order compelling Hackenberg to pay Defendants' attorney fees, court costs, and litigation expenses.

<u>COUNT III - INCLUSION OF IMMATERIAL,  IMPERTINENT, AND SCANDALOUS  MATTER<br>Fed.R.Civ.P.  12(f)</u>

39. Paragraphs 1 through 40 of this Special Motion are hereby restated and reincorporated by reference as though fully set forth.

39. The Federal Rules of Civil Procedure permit the Court to strike portions of a pleading containing scandalous and impertinent matter. Fed.R.Civ.P. 12(f).

41. Pennsylvania's Code of Judicial Conduct provides that "[a] judge shall not make any public statement that might reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court, or make any nonpublic statement that might substantially interfere with a fair trial or hearing." Code of Jud. Conduct, Rule 2.10

42. Pennsylvania's Canons of Judicial Conduct provide that "[a] judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.. Code of Jud. Conduct, Rule 1.2.

43. The official comments to Rule 1.2 provide, "A judge should expect to be the subject of public scrutiny that might be viewed as burdensome if applied to other citizens, and must accept the restrictions imposed by the Code." Code of Jud. Conduct, Rule 1.2, Comment 2.

44. In her First Amended Complaint, Hackenberg improperly commented on pending criminal proceedings against Bozin:

    A. Asserting that Bozin has flaunted Pennsylvania's criminal justice system. [Doc. 7, ¶ 25]

    B. Asserting that Bozin was "duly served with process . . ." [Doc. 7, ¶ 3]

    C. Asserting that Bozin's failure to appear was intentional. [Doc. 7, ¶ 4]

    D. Asserting that Bozin is not merely accused of criminal conduct, but in fact "has criminally harassed and stalked healthcare providers who stopped him from manipulating a minor over whom he had no parental or other rights." [Doc. 7, ¶ 62]

   E. Asserting that Bozin has committed "multiple transgressions of Pennsylvania's criminal laws . . ." [Doc. 7, ¶ 27]

45. In each of the statements set forth in paragraph 41, Hackenberg has not merely asserted the procedural posture of the criminal case against Bozin, but has made substantive assertions concerning Bozin's state of mind and guilt which might be reasonably expected to affect the outcome in or impair the fairness of the criminal proceedings against Bozin.

46. In making substantive assertions concerning Bozin's state of mind and guilt, Hackenberg has commented on a pending proceeding in the Court of which she is President Judge and has failed to promote public confidence in the impartiality of the judiciary and to avoid the appearance of impropriety.

47. The allegations of the paragraphs 25, 27, 3, 4, and 62 of the First Amended Complaint are immaterial as they have no essential or important relationship to any claims for relief.

48. The allegations of the paragraphs 25, 27, 3, 4, and 62 of the First Amended Complaint are impertinent as they do not pertain, and are not necessary to the issues in question.

49. The allegations of the paragraphs 25, 27, 3, 4, and 62 of the First Amended Complaint are scandalous as they cast a derogatory light on Bozin and detract from the dignity of the court.

50. Paragraphs 25, 27, 3, 4, and 62 of the First Amended Complaint should be stricken.

WHEREFORE, Defendants Daniel Bozin, Bozin Media Group, LLC d/b/a Bozin Media and Bozin Holdings respectfully request that the Honorable Court strike paragraphs 25, 27, 3, 4, and 62 Plaintiff's First Amended Complaint.

<u>COUNT IV - LACK OF SUBJECT MATTER JURISDICTION</u>
<u>Fed.R.Civ.P. 12 (b)(1) and 28 U.S.C.A. § 1332</u>

51. Paragraphs 1 through 50 of this Special Motion are hereby restated and reincorporated by reference as though fully set forth.

52. The Federal Rules of Civil procedure permit a party to file a motion to dismiss a matter for lack of subject matter jurisdiction. Fed.R.Civ.P. 12 (b)(1).

53. Hackenberg asserts that this Court exercises diversity jurisdiction over this action pursuant 28 U.S.C.A. § 1332. [Doc. 7, ¶ 17]

54. In order of a federal district court to exercise diversity jurisdiction where there is no question of federal law, the amount in controversy must exceed $75,000 exclusive of interest and costs. 28 U.S.C.A. § 1332 (a)(1).

55. Hackenberg has failed to assert facts which establish that the amount in controversy in the matter exceeds the $75,000 statutory threshold.

56. As Hackenberg has failed to assert facts which establish that the amount in controversy in the matter exceeds the $75,000 statutory threshold, this Court lacks subject matter jurisdiction over this action and it should be dismissed.

WHEREFORE, Defendants Daniel Bozin, Bozin Media Group, LLC d/b/a Bozin Media and Bozin Holdings respectfully request that the Honorable Court dismiss Plaintiff's First Amended Complaint without prejudice to refile in state court.

PROCEDURAL MATTERS

57.     Pursuant Bozin's responsibilities under the Court's Order of June 12, 2025, regarding 12 (b) motions, Bozin conferred by email with Hackenberg regarding the viability of curing the defects in the Complaint [Doc. 1] by amendment.  Hackenberg subsequently filed her First Amended Complaint [Doc. 7].  Bozin does not believe that the additional allegations of the First Amended Complaint state a cause or action or create genuine issues of material fact. Further, Bozin asserts that further amendment of Hackenberg's Complaint would be futile.

58.     A brief will be filed in support of this Motion within the time required by the L.R. 7.5.

59.     Bozin reserves the right to add supplementary factual material and documents with his brief to the extent such material may be considered under applicable law.

WHEREFORE, Defendants Daniel Bozin, Bozin Media Group, LLC, and Bozin Holdings, LLC respectfully request that the Honorable Court grant their Special Motion to Dismiss or For Entry of Judgment and enter an Order granting the following relief:

A.      Dismissing Plaintiff's First Amended Complaint with prejudice.

B.      Entering judgment in favor of Defendants and against Plaintiff.

C.      Entering an award of attorneys' fees, court costs, and litigation expenses in favor of Defendants and against Plaintiff.

D.      Such other relief as the Court may deem just.

                                        Respectfully submitted,

                                        **KOLMAN LAW, PC**

DATE:  July 8, 2025                */s/ Timothy M. Kolman*

                                        Timothy M. Kolman, PA51982
                                        tkolman@kolmanlaw.com

                                        Timothy A. Bowers, PA77980
                                        tbowers@kolmanlaw.com

                                        Kymberley L. Best, PA94596
                                        kbest@kolmanlaw.com
                                        414 Hulmeville Avenue
                                        Penndel, PA 19047
                                        (215) 750-3134
                                        *Attorneys for Defendants*.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this <u>8 </u>th day of July 2025 served a true and correct copy of the foregoing document via the Court's electronic filing system upon the following:

James E. Beasley, Jr., Esquire
Louis F. Tumolo, Esquire
Andrew M. Marth, Esquire
Lane R. Jubb, Jr., Esquire
Counsel for Plaintiff

_____
Timothy A. Bowers, PA77980