IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HON. LORI HACKENBERG, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 4:25-CV-01024 |
| | : | |
| DANIEL BOZIN, | : | Judge Matthew W. Brann |
| BOZIN MEDIA GROUP, LLC d/b/a | : | |
| BOZIN MEDIA, and | : | |
| BOZIN HOLDINGS, LLC, | : | |
| Defendants. | : | JURY OF 12 DEMANDED |

**MOTION FOR LEAVE TO WITHDRAW
AND TO INTERVENE ON LIMITED BASIS**

COME NOW Timothy M. Kolman, JD, Timothy A. Bowers, JD, and Kymberley L. Best, JD of Kolman Law P.C. and make the following Motion:

COUNT I - WITHDRAWAL

1. The Pennsylvania Rules of Professional Conduct provide that a lawyer may withdraw where "withdrawal can be accomplished without material adverse effect on the interests of the client." Pa.R.Prof.C. 1.16 (b)(1).

2. Withdrawal of counsel may be accomplished without material adverse effect to Defendants as Defendants have filed a dispositive motion [Doc. 16]. Upon the Court's decision whether to permit Plaintiff to file a sur reply brief, briefing on the dispositive motion will be complete with no further action required by Defendants. There are no other pending deadlines in this case as no case management order has yet been scheduled.

3. The Pennsylvania Rules of Professional Conduct provide that a lawyer may withdraw "where the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." Pa.R.Prof.C. 1.16 (b)(4).

4. Defendants have published articles on social media and the website medium.com indicating their belief that undersigned counsel have conspired with Hackenberg and Governor Josh Shapiro to undermine Defendants' interests. See posts and articles attached hereto as Exhibit 1. Defendant Bozin has formed an unshakeable belief in this false narrative and has threatened his own counsel with lawsuits, criminal prosecution, and disciplinary complaints. Undersigned counsel fundamentally disagree with these allegations and consider them repugnant.

5. The Pennsylvania Rules of Professional Conduct provide that a lawyer may withdraw "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Pa.R.Prof.C. 1.16 (b)(5).

6. Defendants have executed a fee agreement with Kolman Law, P.C. whereby Defendants pay a retainer for services and make regular payments of outstanding bills. Defendants have failed and refused to make required payment. Kolman Law, P.C. has repeatedly demanded payment. Bozin has acknowledged receipt of these demands in his public statements. See Exhibit 1.

7. The Pennsylvania Rules of Professional Conduct provide that a lawyer may withdraw "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Pa.R.Prof.C. 1.16 (b)(6).

8. As discussed in paragraph 6 *supra*, continued representation of Defendants would result in an unreasonable financial burden on Kolman Law, P.C. Additionally, Defendants have rendered this representation unreasonably difficult for the reasons stated above and by insisting upon copying opposing counsel, members of the press, and Austin Yerger (an individual whom Defendant Bozin accuses of plotting against him) on emails with undersigned counsel. This destroys attorney-client privilege and renders effective communication impossible.

9. The Pennsylvania Rules of Professional Conduct provide that a lawyer may withdraw where "other good cause for withdrawal exists." Pa.R.Prof.C. 1.16 (b)(6).

10. The facts and circumstances set forth above constitute other good cause for withdrawal.

WHEREFORE, Timothy M. Kolman, JD, Timothy A. Bowers, JD, and Kymberley L. Best, JD of Kolman Law P.C respectfully request that the Honorable Court grant them leave to withdraw.

<u>COUNT II - LIMITED INTERVENTION</u>

11. Paragraphs 1 through 10 of this Motion are restated and reincorporated by reference as though fully set forth.

12. The Federal Rules of Civil Procedure permit intervention by a person who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24 (a)(2).

13. The Federal Rules of Civil Procedure permit intervention at the discretion of the Court by a person who "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24 (b)(1)(B).

14. Defendants' dispositive motion [Doc. 16] contains a claim for counsel fees under Pennsylvania's Uniform Public Expression Protection Act ("UPEPA") 42 Pa.C.S.A. § 8340.11, *et seq*.

15. Defendants' counsel have expended considerable time and effort developing the arguments contained in Defendants' dispositive motion. It would be inequitable for counsel to be deprived of payment for these fees should the Court grant the dispositive motion and decide that an award of counsel fees is appropriate.

16. Undersigned counsel request leave to intervene in this matter on a limited basis and for the sole purpose of taking actions including but not limited to filing statements of counsel fees, motions, briefs and replies, and appeals, in the event that the Court enters or declines to enter an award of counsel fees.

WHEREFORE, Timothy M. Kolman, JD, Timothy A. Bowers, JD, and Kymberley L. Best, JD of Kolman Law P.C respectfully request that the Honorable Court grant them leave to intervene on a limited basis.

        Respectfully submitted,

        **KOLMAN LAW, PC**

DATE: September 23, 2025         */s/ Timothy M. Kolman*
        Timothy M. Kolman, PA51982
        tkolman@kolmanlaw.com

        Timothy A. Bowers, PA77980
        tbowers@kolmanlaw.com

        Kymberley L. Best, PA94596
        kbest@kolmanlaw.com
        414 Hulmeville Avenue
        Penndel, PA 19047
        (215) 750-3134
        *Attorneys for Defendants.*

## **CERTIFICATE OF CONCURRENCE/NON-CONCURRENCE**

Counsel for Plaintiff Lori Hackenberg have indicated that they take no position on the request to withdraw but they do oppose the motion to the extent that leave to intervene is sought.

Plaintiff Dan Bozin has indicated that he opposes the motion *in toto* though he wishes to discharge Timothy A. Bowers and Kymberley L. Best.  Mr. Bozin's communications make it unclear whether Mr. Bozin wishes to discharge Timothy M. Kolman.  Timothy M. Kolman nonetheless seeks leave to withdraw.

_____
Timothy A. Bowers, PA77980

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this 23rd day of September 2025 served a true and correct copy of the foregoing document via the Court's electronic filing system upon the following:

James E. Beasley, Jr., Esquire
Louis F. Tumolo, Esquire
Andrew M. Marth, Esquire
Lane R. Jubb, Jr., Esquire
Counsel for Plaintiff

Service upon Defendants by email to:
danbozin@gmail.com

Service upon Defendants by first class mail, postage prepaid to:
9663 Santa Monica Blvd. #539
Beverly Hills, CA 90210

_____
Timothy A. Bowers, PA77980