IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HONORALBE LORI HACKENBERG,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DANIEL BOZIN, BOZIN MEDIA GROUP, LLC, *doing business as Bozin Media*, BOZIN HOLDINGS, LLC,<br><br>　　　　　Defendants. | No. 4:25-CV-01024<br><br>(Chief Judge Brann) |

# MEMORANDUM OPINION AND ORDER

### January 20, 2026

On June 6, 2025, Plaintiff, the Honorable Lori Hackenburg ("Judge Hackenburg"), filed a one-count complaint against Defendants, Dnaiel Bozin, Bozin Media Group, LLC, and Bozin Holdings, LLC (collectively "Defendants").[1] Later that month, Judge Hackenburg filed an amended complaint that added additional allegations of fact.[2] In July 2025, she also moved for leave to file another amended complaint, which was granted by the Court.[3] This second amended complaint was also filed in July 2025, and included two counts: false light and defamation.[4]

---

1　Doc. 1.
2　Doc. 7.
3　Docs. 13, 14.
4　Doc. 15.

Presently before the Court are two motions. First, on August 4, 2025, the Defendants filed a "special" motion to dismiss or for entry of judgment under the Uniform Public Expression Protection Act ("UPEPA").[5] Next, on September 23, 2025, the Defendants' counsel filed a motion to withdraw and for leave to intervene on a limited basis.[6] Both of these motions have been fully briefed and those papers have been reviewed by the Court.[7]

The Court has also received an *ex parte* communication from Mr. Bozin — who is the sole member of the other two Defendants[8] — that he does not wish to make part of the official record. In that communication, Mr. Bozin strongly indicated that he does not wish for his counsel of record to remain as his attorneys. Given that this coincides with his counsel's description of a striking breakdown in the attorney-client relationship, the Court will grant Defendants' counsel leave to withdraw from this case.[9] However, while Mr. Bozin is free to represent himself in this litigation — as will be the case upon the entry of this Order[10] — he may not represent the interests of the two other corporate Defendants in this case.[11] Therefore, the two corporate

---

[5] Doc. 16. A previous version of this motion was filed by Bozin, but it was dismissed as moot by an Order of this Court. *See* Docs. 11, 14.
[6] Doc. 23.
[7] *See* Docs. 19-21, 24, 26.
[8] *See* Doc. 18 ¶¶ 3-4.
[9] *See generally* Doc. 18. The Court also notes that Plaintiff does not oppose the request to withdraw. *See* Doc. 24 ¶ 1.
[10] While Mr. Bozin will be allowed to represent himself *pro se* going forward, there is nothing stopping him from finding substitute counsel if he wishes to do so.
[11] *See Osborn v. Bank of the U.S.*, 22 U.S. (9 Wheat.) 738, 830 (1824) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."); *Simbraw, Inc.*

defendants will be given thirty days from the entry of this order to obtain substitute counsel.[12]

Mr. Bozin's *ex parte* communication also vehemently asserts that he is not, and has never been, represented by his counsel of record and that he has not approved any filings submitted by counsel.[13] This communication, his public statements, and his attorneys' admissions about their client's distrust in them all imply that Mr. Bozin would wish to strike any filings submitted to the Court by his counsel of record. Therefore, the Court will deem the special motion to dismiss withdrawn.[14]

Finally, the Court must address a secondary issue nested within the motion to withdraw: whether Defendants' current counsel should be permitted to intervene in this matter. His counsel argue that they should be allowed to intervene for the sole purpose of taking actions to recoup their expenses in drafting and filing the special

---

*v. United States*, 367 F.2d 373 (3d Cir. 1966); *Kim v. Sharon Hanna Preschool & Acad.*, No. 11-cv-5797, 2012 WL 6839914, at *4, *report and recommendation adopted sub nom.*, *Young Chul Kim v. Sharon Hanna Preschool & Acad.*, No. 11-cv-5797, 2013 WL 140094 (D.N.J. Jan. 9, 2013) ("It is well-settled in the Third Circuit that corporations cannot represent themselves *pro se*.")

[12] If counsel is not found by that date, the Court will enter a judgment of default against the two corporate plaintiffs. *See AlfaModess Logistics, LLC v. Catalent Pharma Sols., LLC*, No. CIV.A. 09-3543, 2013 WL 1795459, at *2 (E.D. Pa. Apr. 29, 2013) ("The Third Circuit Court of Appeals [has] noted that withdrawal would either force the corporate defendant to obtain licensed counsel or be subject to default judgment").

[13] These statements are supported by his public postings on the matter where he in one instance stated that he "never hired these people." Doc. 23, Ex. 1.

[14] However, if Mr. Bozin wishes to renew the special motion to dismiss or file a fresh motion to dismiss *pro se* or with the assistance of substitute counsel, he is permitted to file a motion following the entry of this Order. He is encouraged to review the special motion and subsequent briefing to determine if he would like to re-raise any arguments within it. If he files a motion to renew the special motion, the Court will reconsider it and all previously- filed briefing related to it.

3

motion and the briefing related it.[15] They argue that such intervention is permitted by Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure.[16]

These intervention arguments are unavailing. First, Defendants' counsel clearly has no right to intervene under Rule 24(a) given that their "only interest in the case [is] recovering fees."[17] An argument under Rule 24(b) fairs no better. Any claims that Mr. Bozin's counsel may have against him related to fees owed for their representation in this case "present issues of state, not federal[] law."[18] Allowing these claims to be brought in this federal proceeding would inject "issues of state law regarding a fee dispute that has yet to materialize and has only the most attenuated connection to Plaintiff's lawsuit."[19] This means that there would not be the argued "claim or defense that shares with the main action a common question of law or fact."[20]

As a result, neither scenario that would allow for permissive intervention is present.[21] Rather than allowing intervention, the "correct course of action" is for

---

[15] *See* Doc. 23 ¶¶ 15-16.
[16] *See id.* ¶¶ 12-13.
[17] *Tamberelli v. Alkermes, Inc.*, No. 3:16-CV-1681, 2017 U.S. Dist. LEXIS 208549, at *4-5 (M.D. Pa. Dec. 19, 2017) (citing *Susquenita Sch. Dist. v. G. W. ex rel. A.P.*, 2012 U.S. Dist. LEXIS 59422, 2012 WL 1268219 (M.D. Pa. 2012)).
[18] *Id.* at *6.
[19] *Id.* at *6-7.
[20] FED. R. CIV. P. 24(b)(1)(B).
[21] FED. R. CIV. P. 24(b)(1).

Defendants' counsel to bring any fee claims in state court.[22] Therefore, counsel will not be permitted to intervene in this matter.

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendants' Special Motion to Dismiss Motion (Doc. 16) is deemed **WITHDRAWN**;

2. Defendants Counsels' Motion to Withdraw is **GRANTED IN PART** and **DENIED IN PART**;

   a. Defendants' Counsel is granted leave to withdraw from this matter;

   b. Defendants' Counsel is not permitted to intervene in this matter;

3. Defendants Bozin Media Group, LLC and Bozin Holdings, LLC must find substitute counsel and have that counsel note their appearances with this Court by February 20, 2026.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[22] *Tamberelli*, 2017 U.S. Dist. LEXIS 208549, at *7.