## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HONORABLE LORI HACKENBERG** | : | |
| | : | |
| Plaintiff, | : | **NO: 4:25-cv-01024 MWB** |
| | : | |
| v. | : | |
| | : | |
| **DANIEL BOZIN, BOZIN MEDIA** | : | |
| **GROUP, LLC, d/b/a BOZIN MEDIA and** | : | |
| **BOZIN HOLDINGS, LLC** | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR DEFAULT

Plaintiff, by and through her undersigned counsel, hereby files this Reply to Defendant's Opposition to Plaintiff's Request for Default, in support thereof, avers as follows:[1]

1.-2.    Denied. Plaintiff is unaware of Mr. Bozin's legal relationship with Attorney Tim Kolman. However, Mr. Bozin's claim here is belied by prior statements made by him.

3.-4.    Denied. Mr. Bozin was properly served. *see* ECF #8, ECF #9, and ECF #10. Mr. Bozin's claim that he has "never seen a copy of the complaint" is false. Mr. Bozin's own tweets establish that he has seen, reviewed and theorized arguments about Plaintiff's Complaint:

---

[1] Plaintiff recognizes that the Court already denied Plaintiff's Request for Default as it pertains to Mr. Bozin. ECF #30. Plaintiff files this reply in opposition to Mr. Bozin's Response to address his newly raised argument as to improper service of process, his claim that the corporate defendants are defunct and his request for an additional 60 days to obtain new counsel.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

1

---

**HACKENBERG V. BOZIN, ET AL.**
PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT



Finally, Mr. Bozin has waived any objection to Plaintiff's method of service by failing to include such objection in the 12(b)(6) motion filed by his former counsel. Fed.R.Civ.P. 12(h)(1); *McCurdy v. American Bd. Of Plastic Surgery*, 157 F.3d 191 (3d Cir. 1998) ("if a Rule 12 motion is made and the defendant omits its objection to the timeliness or effectiveness of service under Rule 12(b)(5), that objection is waived.").

5.      Denied. Mr. Bozin's claim that these corporations were "canceled out" is false. Certified records from the Ohio Secretary of State identify both corporations as "Active." Copies of certified records for Bozin Media Group and Bozin Holdings LLC are attached as Exhibits "A" and "B."

6.      Denied as irrelevant. There is no valid or relevant reason for Mr. Bozin's inclusion of this statement.

2

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

7.      Denied. Contrary to Mr. Bozin's recitation of facts, Plaintiff did not file any claim in California state or federal court pertaining to Mr. Bozin's false and malicious defamations. Plaintiff has no knowledge of a lawsuit purportedly filed by Mr. Bozin in Beverly Hills, California. Plaintiff has never been served with litigation filed by Mr. Bozin. Even if state court litigation was filed and properly served by Mr. Bozin, which it was not, the first-filed doctrine only applies to concurrent matters filed in different **Federal Courts**. *DelphX Corp. v. Fondren*, 600 F.Supp. 3d 540 (E.D.Pa. April 27, 2022) ("The first-filed rule promotes comity among the federal courts, not federal and state courts."); *see also Unitrin Auto & Home Ins. Co. v. Clayton Corp.*, 2016 U.S. Dist. LEXIS 193420 (M.D.Pa. April 20, 2016). Mr. Bozin's reliance on the first-filed doctrine is wholly misplaced.

8.      Denied as a conclusion of law to which no response is required. Mr. Bozin has already been properly served; any objection he has to the method of service is waived. Mr. Bozin has already been afforded ample time to obtain substitute counsel. He was served with his former counsel's Motion to Withdraw on September 23, 2025. ECF #23 at pg. 7. This Honorable Court granted his former counsel's Motion to Withdraw on January 20, 2026, in part based on an ex parte submission from Mr. Bozin wherein Mr. Bozin "strongly indicated that he does not wish for his counsel of record to remain as his attorneys." ECF #27 at pg. 2. Further, on February 24, 2026, this Honorable Court denied Plaintiff's Request for Entry of Default and ordered Mr. Bozin to answer Plaintiff's Second Amended Complaint within twenty-one days. ECF #30. Between the date he was served with his former counsel's Motion to Withdraw and the date of his Opposition to Plaintiff's

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

_____
**HACKENBERG V. BOZIN, ET AL.**
PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

Request Default[2], Mr. Bozin has already been given more than 150 days to obtain new counsel, which is more than sufficient time to retain new counsel. *United States v. Sollenberger*, 2008 U.S. Dist. LEXIS 32431 (M.D.Pa. Mar. 24, 2008) (holding that the 155-day period afforded to criminal defendants to obtain new counsel was "reasonably sufficient").

**WHEREFORE**, Plaintiff respectfully requests that Mr. Bozin's arguments be dismissed and the Court's February 24, 2026 Order remain without amendment.

Respectfully submitted,

**THE BEASLEY FIRM, LLC**

BY:    */s/ Andrew M. Marth*
        JAMES E. BEASLEY, JR.
        LANE R. JUBB
        LOUIS F. TUMOLO
        ANDREW M. MARTH
        THE BEASLEY BUILDING
        1125 Walnut Street
        Philadelphia, PA 19107
        215.592.1000
        215.592.8360 (telefax)

Dated: March 2, 2026        Attorneys for Plaintiff

---

[2] Confusingly, Mr. Bozin's Response is dated February 21, 2026, yet the documents attached are dated February 23, 2026.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**HACKENBERG V. BOZIN, ET AL.**
PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT