# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HONORALBE LORI
HACKENBERG,

      Plaintiff,

      v.

DANIEL BOZIN,

      Defendant.

No. 4:25-CV-01024

(Chief Judge Brann)

## MEMORANDUM OPINION

### MAY 20, 2026

## I.    BACKGROUND

This litigation has traversed a tumultuous path before an answer has been filed. On June 6, 2025, Plaintiff, the Honorable Lori Hackenburg ("Judge Hackenburg"), filed a one-count complaint against Defendants, Daniel Bozin, Bozin Media Group, LLC, and Bozin Holdings, LLC.[1] That complaint was later amended to include factual allegations and a second count.[2] After an initial motion to dismiss was filed, Mr. Bozin indicated his intent to withdraw it and the Court obliged.[3] In the same opinion that deemed the motion withdrawn, the Court also granted Mr.

---

[1]    Doc. 1.
[2]    *See* Docs. 7, 15.
[3]    *See* Doc. 27.

Bozin's counsel leave to withdraw and ordered that the two corporate defendants find substitute counsel within a month.[4]

By the time this deadline had run, Plaintiff had filed a request for entry of default against the corporate defendants, and another request for default against Mr. Bozin.[5] The Court granted the request for a default against the corporate defendants, but did not grant the request as to Mr. Bozin.[6] Instead, the Court provided more time for Mr. Bozin to respond to the complaint and ordered him to file an answer within 21 days—or by March 17, 2026.[7]

Days after default was entered against the corporate defendants,[8] Mr. Bozin filed a letter with the Court that he titled "Opposition to Request for Default," he "ask[ed] for 60 days to get served and reply or get counsel."[9] He also raised a potential improper service issue.[10]Soon after, Plaintiff responded to many of the contentions made in a reply.[11] Mr. Bozin filed a final letter with the Court that he titled "Reply to Opposition to Plaintiff's Request."[12] On May 6, 2026, Plaintiff again filed a Request for Entry of Default against Mr. Bozin.[13] Plaintiff argues that default

---

[4]   *See id.*
[5]   *See* Docs. 28, 29.
[6]   Doc. 30.
[7]   *See id.*
[8]   Default was entered against the two corporate defendants on February 24, 2026. *See* Doc. 31.
[9]   *Id.* at 2.
[10]  *See id.*
[11]  *See* Doc. 33.
[12]  Doc. 34.
[13]  *See* Doc. 35.

is justified because Mr. Bozin did not file an answer to the complaint by March 17, 2026.[14] Finally, on May 18, 2026, Mr. Bozin filed a motion for a continuance to file an answer.[15]

## II.    DO THE LETTERS QUALIFY AS MOTIONS?

I previously ordered Mr. Bozin to file an answer to the complaint by March 17, 2026.[16] No answer was filed. However, "[u]nder the Federal Rules of Civil Procedure, the timely filing of a motion to dismiss tolls the time allowed for filing an answer to the complaint."[17] Therefore, it is necessary to determine whether the two letters filed by Mr. Bozin qualify as a motion. If one or both do, they would be sufficient to abide by the Court's Order If they are not motions, then Mr. Bozin has defaulted.

At the outset, the Court notes that Mr. Bozin is a pro se litigant who is incarcerated.[18] "[F]ederal courts sometimes strive to soften the blow of certain procedural rules in *pro se* cases to ensure that claims are resolved on the merits,

---

[14]    *See id.*
[15]    Doc. 36. Plaintiff has filed a brief in opposition to that motion. Doc. 37.
[16]    Doc. 30.
[17]    *Brobson v. Borough of New Hope*, No. 00-0003, 2000 WL 1738669, at *7 (E.D. Pa. Nov. 22, 2000) (citing Fed. R. Civ. P. 12(a)(4)); *see also Hill v. Lappin*, No. 3:10-CV-1743, 2011 WL 1883819, at *3 (M.D. Pa. May 17, 2011) ("a timely motion to dismiss Plaintiff's complaint … relieves them of an obligation to file an answer to the complaint until the pending motion has been adjudicated").
[18]    Mr. Bozin has acknowledged that he is incarcerated. *See* Doc. 36.

rather than on technical mishaps."[19] As a result, courts should "construe *pro se* filings liberally, and hold them 'to less stringent standards than formal pleadings drafted by lawyers.'"[20]

Mr. Bozin "made clear his desire to" object to the service of the complaint through his statements in both letters arguing that there was improper service.[21] His intentions were nearly explicit in his statement saying: "Defendants respectfully ask the [C]ourt to dismiss this case under R[ule] 4(m) or 12(b)(5) . . . ."[22] This is "sufficient to put the court and all parties on notice" of his intentions.[23]

Therefore, the Court will construe his letters as a motion under Rule 12(b)(5). As this letter was received by March 16, 2026, Mr. Bozin did not fail to answer the complaint by March 17, 2026, and default judgment is not currently appropriate.[24] For this reason, Plaintiff's latest Request for Entry Default will be denied.

---

[19]  *Mina v. Chester Cnty.*, No. 14-6261, 2015 WL 6550543, at *1 (E.D. Pa. Oct. 29, 2015), *aff'd,* 679 F. App'x 192 (3d Cir. 2017) (citing *Jones v. Unemployment Comp. Bd. of Review*, 381 Fed.App'x. 187, 189 (3d Cir. 2010)).

[20]  *Bivings v. Wakefield*, 316 F. App'x 177, 181 (3d Cir. 2009) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[21]  *See Bivings*, 316 F. App'x at 181; Docs. 32, 34.

[22]  Doc. 34.

[23]  *See Bivings*, 316 F. App'x at 181.

[24]  *Brobson v. Borough of New Hope*, No. 00-0003, 2000 WL 1738669, at *7 (E.D. Pa. Nov. 22, 2000) (citing Fed. R. Civ. P. 12(a)(4)).

## III.    RULE 12(b)(5) MOTION

In the interest of a just and expeditious resolution of the claims in this case, the Court will also decide the merits of Mr. Bozin's Rule 12(b)(5) motion now.[25] In that motion, he claims that no service was attempted and there is no proof of service in the record.[26]

"Rule 12(b)(5) permits dismissal of a party's pleading based on the party's failure to properly serve the correct target."[27] Rule 4 of the Federal Rules of Civil Procedure "sets forth the requirements for serving parties with pleadings in federal court, but it expressly allows parties to use state law procedures."[28] Subsection (e) of that rule states that "an individual … may be served in a judicial district of the United States by  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[29]

Plaintiff filed an affidavit of service in this case that makes clear that she served Mr. Bozin pursuant to the state law of California, which is where service was

---

[25]  Because Mr. Bozin previously indicated that he did not approve the filing of the previous motion to dismiss under Rule 12(b)(6) and that filing was withdrawn for that reason, the Court does not believe he has waived his ability to make an insufficient service defense. *See* Doc. 27, at 3.

[26]  Doc. 34 ¶ 8.

[27]  *Chinea v. Woodward Pennsylvania, LLC*, No. 4:22-CV-00134, 2022 WL 17627870, at *3 (M.D. Pa. Dec. 13, 2022) (Brann, C.J.).

[28]  *Id.*

[29]  Fed. R. Civ. P. 4(e)(1).

5

made.[30] Section 415.20 of the California Code of Civil Procedure allows for a form of substitute service by the following means: "a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address … in the presence of a competent member of the household or a person apparently in charge of their office, place of business, or usual mailing address … at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."[31] That is exactly the procedure Plaintiff followed; she served the person in charge of the address and then mailed a copy of the documents to Mr. Bozin at that address.[32] While at first-blush it may appear troubling that the person in charge is listed as "Josh M. 'Doe',"[33] this is a perfectly accepted practice under California state law.[34] Additionally, it is clear from Mr. Bozin's social media postings that he is well aware of the second amended complaint.[35]

---

[30] Doc. 8.

[31] Cal Civ. Proc. Code § 415.20(b).

[32] *See* Doc. 8.

[33] *See id.*

[34] *See, e.g., First Am. Title Ins. Co. v. Banerjee*, 303 Cal. Rptr. 3d 288, 292-93 (Cal. Ct. App. 2022); *Trackman v. Kenney*, 114 Cal. Rptr. 3d 619, 624 (Cal. Ct. App. 2010) ("Persons in apparent charge of businesses and residences often refuse to give their true legal names. For this reason, it is an accepted practice to name such a person as "John Doe" or similar fictitious name, or by description").

[35] *See* Doc. 33, at 1-2. While this is of course not dispositive, it is persuasive proof that Mr. Bozin's claims that he has never seen the complaint are not entirely truthful. *See* Doc. 32 ¶ 3.

In sum, Plaintiff satisfied a form of service that is sufficient under Rule 4 of the Federal Rules of Civil Procedure.[36] As a result, Mr. Bozin's motion to dismiss for insufficient service is denied.

## IV.   MOTION FOR AN EXTENSION OF TIME TO ANSWER

On May 18, 2026, Mr. Bozin filed a motion for a continuance to file an answer.[37] While a party usually has only 14 days to file an answer after a motion to dismiss is denied, the Court is free to "set a different time."[38] Because Mr. Bozin is representing himself, incarcerated, and has indicated that he will be released by June 17, 2026, the Court believes there is good cause to allow for an extended response period. Therefore, the Court will allow for a 45-day time limit — until July 4, 2026. However, because of the extension and the finding that his letters constituted a motion to dismiss, Mr. Bozin must file an answer by that date. If he does not, the Court will order the Clerk to enter a default against him.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's Request for Entry Default will be denied and Mr. Bozin's motion to dismiss for insufficient service of process is also denied.

---

[36]   While the Court believes that service was entirely proper, to remove all doubt that Mr. Bozin has been properly served, the Clerk of Court will be ordered to mail a copy of the second amended complaint to Mr. Bozin's correctional address.

[37]   Doc. 36.

[38]   Fed. R. Civ. P. 12(a)(4).

Additionally, Mr. Bozin's motion for a continuance to file an answer is granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

8