**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HONORALBE LORI HACKENBERG, | No. 4:25-CV-01024 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DANIEL BOZIN, BOZIN MEDIA GROUP, LLC, *doing business as Bozin Media*, BOZIN HOLDINGS, LLC, | |
| Defendants. | |

**MEMORANDUM OPINION**

**JULY 28, 2026**

## I.    BACKGROUND

After traversing a tumultuous path, it is appearing more and more likely that the Defendant in this case, Daniel Bozin, is trying to delay the proceedings. Despite the complaint being filed in June 2025,[1] in February 2026, the Court allowed for an additional twenty-one days to file an answer to the second amended complaint after denying a request for default filed by Plaintiff.[2] Despite the Court explicitly stating that the Defendant, Daniel Bozin "shall *answer* the Plaintiff's second amended complaint within twenty-one days,"[3] he instead filled two letters on the docket.[4]

---

[1]    *See* Doc. 1.
[2]    *See* Doc. 30, at 2.
[3]    *Id.* at 3.
[4]    *See* Doc. 32; Doc. 34.

On May 20, 2026, this Court construed those two letters as a motion under Rule 12(b)(5) of the Federal Rules of Civil Procedure.[5] In the same memorandum opinion, the Court then denied that motion because it was clear on the face of the complaint and motion, that his claim would not be meritorious.[6] At that time, the Court also granted Mr. Bozin a forty-five-day extension to file an answer, with that deadline falling on July 4, 2026.[7]

Days before the deadline, on July 1, 2026, Mr. Bozin filled another letter with the Court.[8] This letter is definitively not an answer to the second amended complaint.[9] Instead, he asks for yet another extension, or in the alternative to renew the special motions to dismiss that the Court previously deemed withdrawn.[10] This again qualifies a motion, despite being fashioned as a letter.[11] Given that Plaintiff has filed a brief opposing his requests and Mr. Bozin has responded with a reply brief, this motion is ripe for disposition.[12] I will address both of Mr. Bozin's requests in turn.

---

[5]   *See* Doc. 38, at 3-4.
[6]   *See id.* at 5-7.
[7]   *See id.* at 7.
[8]   *See* Doc. 40.
[9]   *See id.*
[10]  *Id.*
[11]  *Bivings v. Wakefield*, 316 F. App'x 177, 181 (3d Cir. 2009) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); see also *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[12]  Doc. 41; Doc. 42.

## II.    RE-RAISING A MOTION TO DISMISS

Mr. Bozin's request to re-raise the special motions can quickly be disposed of. On January 21, 2026, based on *ex parte* communications from Mr. Bozin, the Court granted his counsel leave to withdraw from this case.[13] Additionally, based on his indication that he had "not approved any filings submitted by counsel," the Court deemed his special motion to dismiss withdrawn.[14] However, in a footnote, the Court stated that "if Mr. Bozin wishes to renew the special motion to dismiss or file a fresh motion to dismiss pro se or with the assistance of substitute counsel, he is permitted to file a motion following the entry of this Order."[15] It is this footnote that he references in his newest letter, as he seeks to renew the previous motion to dismiss.[16]

What Mr. Bozin has neglected to account for in his request is the fact that this Court construed two of his previous letters as a Rule 12(b)(5) motion.[17] According to Rule 12(g)(2) of the Federal Rules of Civil Procedure, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."[18] There are only two exceptions to this consolidation rule and neither apply

---

[13]    Doc. 27, at 2.
[14]    *Id.* at 3.
[15]    *Id.* at 3 n.14.
[16]    *See* Doc. 40.
[17]    *See* Doc. Doc. 38, at 3-4. In neither of his two filings related to the instant motion did Mr. Bozin indicate that the Court was mistaken in its assessment that his intention was to bring a Rule 12(b)(5) motion. *See* Doc. 40; Doc. 42.
[18]    Fed. R. Civ. Pro. 12(g)(2).

3

here.[19] As this defense was available to Mr. Bozin when he previously submitted his letters that explicitly referenced Rule 12(b)(5), it would be "improper for the district court to consider such a [re-raised] motion."[20] Therefore, the Court will deny Mr. Bozin's request to re-raise the previously withdrawn motion to dismiss.[21]

## III.    EXTENTION OF TIME TO ANSWER

In the alternative, Mr. Bozin also requests another extension to file an answer.[22] This Court has provided Mr. Bozin, a pro se litigant, with every manner of grace in construing his filings "to ensure that claims are resolved on the merits, rather than on technical mishaps."[23] In this vein, the Court will offer Mr. Bozin one final limb to grab onto before default is entered against him.

---

[19]   The two exceptions Rule 12(h)(2) and (3). *See id.* Rule 12(h)(2) does not apply because the withdrawn motion to dismiss was not brought within a Rule 7(a) pleading or under Rule 12(c). *See Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320-21 (3d Cir. 2015); Rule Fed. R. Civ. Pro. 12(h)(2). Further, Rule (h)(3) doesn't apply because it "exempts only motions to dismiss for lack of subject-matter jurisdiction," which the motion Mr. Bozin seeks to renew plainly is not. *Leyse*, 804 F.3d at 320.

[20]   *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1078 (E.D. Pa. 2017) (internal quotation marks omitted) (citing *Leyse*, 804 F.3d at 321).

[21]   When the Court crafted the footnote that serves as the basis of this request, no Rule 12(b) motions had been filed, and no letters had been filed which tangentially referred to such a motion. At that time, the Court stood willing to address the withdrawn motions if they were re-raised. However, the filing of the previous letters changed my calculus because it did raise a Rule 12(b) motion. Because the initial letters did not indicate that the Defendant wished to re-raise the motion, the Court does not believe it would be proper to allow for successive Rule 12(b) motions to be raised.

[22]   *See* Doc. 40.

[23]   *Mina v. Chester Cnty.*, No. 14-6261, 2015 WL 6550543, at *1 (E.D. Pa. Oct. 29, 2015), *aff'd,* 679 F. App'x 192 (3d Cir. 2017) (citing *Jones v. Unemployment Comp. Bd. of Review*, 381 F. App'x. 187, 189 (3d Cir. 2010)).

Mr. Bozin's request for an extension will be granted. However, this will be the last extension this Court will allow.[24] Within twenty-one days, Mr. Bozin must file an *answer* in this case. There are no further motions to file before such an answer is received. An answer, and only an answer, is sufficient to meet the requirements of this Order.[25] It must be filed within twenty-one days. If it is not, Plaintiff should immediately file a Request for Default. At that point, Mr. Bozin will be squarely facing a default judgment under Rule 55 of the Federal Rules of Civil Procedure.

## IV.    CONCLUSION

For the foregoing reasons, the Court has construed Mr. Bozin's June 6 letter as a motion, and that motion is granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[24]    The Court can think of no reason why Mr. Bozin would not be able to draft and file an answer by this date. Importantly, the Court mailed a copy of the second amended complaint to him in late May. *See* Doc. 39. It also appears that based on his most recent filing, that he has access to a computer, and can respond to filings quickly. *See* Doc. 42. Therefore, there is nothing preventing him from filing an answer and moving this litigation forward. The Court is unwilling to delay this litigation due to Mr. Bozin's incarceration any further after the present extension. This is especially true when he has now twice used his prisoner status to delay this case, while he makes filings to the Court and claims that his release date is being pushed back. *See* Doc. 36; Doc 40. The time has come for him to file an answer or face default.

[25]    To the extent Mr. Bozin seeks further guidance, his request is denied. "[A]s a general rule, a District Judge need not provide legal advice to pro se litigants." *Lassegue v. United States*, No. 22-2475, 2022 WL 16629940, at *3 n.5 (3d Cir. Nov. 2, 2022) (citing *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 244 (3d Cir. 2013)).