**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HON. LORI HACKENBERG, Plaintiff, | : | **NO 4:25-CV-01024 MWB (Hon. Matthew W. Brann)** |
| v. | : | |
| DANIEL BOZIN, BOZIN MEDIA GROUP, LLC d/b/a BOZIN MEDIA, and BOZIN HOLDINGS, LLC, Defendants. | : | **DEFENDANT DANIEL BOZIN'S BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

## DEFENDANT DANIEL BOZIN'S BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

### I. INTRODUCTION

Defendant Daniel Bozin respectfully submits this Brief in Support of his Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

This action should be transferred to the United States District Court for the Central District of California because California is the forum with the strongest connection to the operative facts, the parties, the evidence, the witnesses, and the related litigation history.

Plaintiff's claims arise from alleged speech and expressive activity by Defendant. That alleged conduct was created, coordinated, and published primarily from California while Defendant was physically located in California.

Although Plaintiff resides in Pennsylvania and alleges injury within Pennsylvania, the location of alleged injury is only one factor in the transfer analysis. The Court must consider the totality of circumstances, including the convenience of the parties and witnesses and the interests of justice.

The private and public interest factors identified by the Third Circuit strongly favor transfer to California.

## II. STATEMENT OF FACTS

Defendant Daniel Bozin is a California resident who has continuously resided in California throughout the relevant period. Defendant did not travel to Pennsylvania during the time Plaintiff alleges the challenged speech, publications, communications, and expressive activity occurred.

The conduct forming the basis of Plaintiff's claims originated in California. Defendant created, coordinated, and managed the alleged expressive activity from his California residence and home office located in Santa Clarita, California.

The materials challenged by Plaintiff, including alleged publications, communications, recordings, graphics, videos, and related content, were prepared and coordinated from California.

The evidence relevant to this dispute is primarily located in California, including Defendant's electronic files, communications, photographs, videos, production materials, and other records relating to Plaintiff's allegations.

The witnesses with knowledge concerning the creation, preparation, coordination, and publication of the alleged materials are primarily located in California.

California was also the location of related litigation involving overlapping individuals, factual issues, evidence, and events before Plaintiff commenced this action.

The related California proceedings include:

Daniel Bozin v. Geisinger Health System, Los Angeles Superior Court Case No. 22VECV02375, filed December 14, 2022;

Daniel Bozin v. Austin R. Yerger, et al., Los Angeles Superior Court Case No. 24VECV04208, filed September 4, 2024;

Daniel Bozin v. Taylor Rupert, Los Angeles Superior Court Case No. 24VECV04225, filed September 5, 2024;

Bozin v. Austin R. Yerger, Los Angeles Superior Court Case No. 24STRO08606, filed November 25, 2024; and

Daniel Bozin v. Sara L. Shellenberger, et al., Los Angeles Superior Court Case No. 24SMCV06038, filed December 11, 2024.

Plaintiff Lori Hackenberg was a named party in related California litigation before filing the present action, demonstrating that California was not merely Defendant's preferred forum but was already a forum connected to Plaintiff, Defendant, the underlying events, and the relevant evidence.

These proceedings demonstrate that California was already the center of related disputes and factual issues before Plaintiff filed this action. Importantly, Plaintiff Lori R. Hackenberg was a

named defendant in related California litigation initiated by Defendant before the commencement of this action. The involvement of Plaintiff in related California proceedings further demonstrates that California has a substantial connection to the parties, the underlying events, the evidence, and the witnesses relevant to this dispute.

## III. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where the action might have been brought when transfer serves the convenience of the parties and witnesses and promotes the interests of justice.

The Supreme Court has recognized that §1404(a) requires an individualized consideration of convenience and fairness. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–30 (1988).

The Third Circuit has established that courts evaluating transfer motions must consider a number of private and public interest factors. *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995).

The private interest factors include the plaintiff's forum preference, the defendant's forum preference, whether the claim arose elsewhere, the convenience of the parties, the convenience of witnesses, and the location of books and records. The public interest factors include practical considerations affecting trial efficiency, local interests, public policies of the competing forums, and other considerations affecting the administration of justice.

## IV. ARGUMENT

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to another district where the action might have been brought when transfer serves the convenience of the parties and witnesses and promotes the interests of justice.

The purpose of Section 1404(a) is to prevent unnecessary inconvenience and expense and to place litigation in the forum where it may be resolved more efficiently and fairly. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–30 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

The Third Circuit has established that courts evaluating motions to transfer under Section 1404(a) must consider a combination of private and public interest factors. *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995).

The private interest factors include the parties' forum preferences, whether the claim arose elsewhere, the convenience of the parties and witnesses, and the location of books and records. The public interest factors include practical considerations affecting the efficient administration of the case, the local interest in deciding local controversies, and the relationship between the chosen forum and the underlying dispute.

No single factor is dispositive. Instead, the Court must conduct a practical balancing of all relevant considerations to determine whether transfer would serve the convenience of the parties and the interests of justice.

Here, the balance of factors strongly favors transfer to the United States District Court for the Central District of California.

**A. The Private Interest Factors Favor Transfer to California**

The private interest factors strongly favor transfer to the Central District of California. Under *Jumara*, courts consider several private interests, including the defendant's forum preference, whether the claims arose elsewhere, the convenience of the parties and witnesses, and the location of relevant evidence.

Defendant's preference for the Central District of California is entitled to substantial consideration because Defendant resides in California, the alleged conduct occurred primarily in California, and the evidence necessary to defend this action is located primarily in California.

The claims asserted by Plaintiff arose primarily in California. Plaintiff's allegations concern alleged speech, publications, communications, and expressive activity that Defendant created, coordinated, and managed while physically located in California.

The convenience of the parties also favors transfer. Defendant is a California resident and would be required to travel across the country to defend claims arising from conduct that allegedly occurred in California if this matter remains in Pennsylvania.

The convenience of witnesses strongly favors transfer. Individuals with knowledge concerning the creation, preparation, coordination, communications, and publication of the alleged materials are primarily located in California. Requiring those witnesses to travel to Pennsylvania would create unnecessary expense and inconvenience.

The location of evidence also favors transfer. The relevant electronic files, communications, photographs, videos, production materials, and other records necessary for Defendant's defense are primarily located in California.

Although Plaintiff selected Pennsylvania as the forum for this action, Plaintiff's choice is not controlling where the operative facts occurred elsewhere and the balance of private and public interest factors favors another forum.

Because the factual center of this dispute is California, the private interest factors weigh strongly in favor of transfer.

**B. The Public Interest Factors Favor Transfer to California**

The public interest factors also strongly favor transfer to the Central District of California. Under *Jumara*, courts consider practical considerations affecting the efficient administration of the case, the local interest in deciding local controversies, and the relationship between the chosen forum and the underlying dispute.

California has the strongest connection to the operative facts of this dispute. Defendant is a California resident, the alleged speech and expressive activity originated in California, the relevant evidence is located primarily in California, and witnesses with knowledge of the alleged conduct are located primarily in California.

California has a substantial interest in resolving disputes involving alleged conduct by one of its residents occurring within the State. The alleged publications, communications, and expressive activity challenged by Plaintiff were created and coordinated from California.

Although Pennsylvania has an interest because Plaintiff resides there and alleges reputational harm within Pennsylvania, that interest does not outweigh California's stronger connection to the conduct giving rise to Plaintiff's claims.

This case is not a dispute where the alleged wrongful conduct occurred in Pennsylvania and Defendant merely resides elsewhere. Instead, Plaintiff's claims arise from alleged activity that originated from California.

Transfer will also promote judicial economy. Before Plaintiff commenced this action, Defendant had already initiated related litigation in California involving overlapping individuals, factual issues, evidence, and events. Importantly, Plaintiff Lori R. Hackenberg was a named defendant in related California litigation initiated by Defendant before filing this action. California therefore is not merely Defendant's preferred forum; it is the forum with the strongest practical relationship to the dispute. Transfer would avoid unnecessary duplication of litigation involving overlapping parties, evidence, and factual issues. The connection to California is further strengthened because Plaintiff Lori Hackenberg was involved in related California litigation before initiating this action. The existence of related proceedings involving Plaintiff and Defendant weighs in favor of transfer because it promotes judicial economy and avoids unnecessary duplication of litigation involving overlapping facts, evidence, and witnesses. Plaintiff's involvement in related California litigation further supports transfer. This is not merely a case where Defendant seeks to litigate in his home forum; rather, California has already been the forum for related disputes involving Plaintiff, Defendant, overlapping facts, and relevant evidence. Transfer would therefore promote judicial economy and avoid unnecessary duplication of proceedings.

California therefore is not merely Defendant's preferred forum; it is the forum with the strongest practical relationship to the dispute.

Keeping this matter in Pennsylvania would require litigation of a dispute substantially connected to California while imposing unnecessary burdens on Defendant and California-based witnesses.

The interests of justice are best served by transferring this action to the Central District of California.

**C. Plaintiff's Choice of Forum Does Not Override the Factors Favoring Transfer**

Plaintiff's choice of the Middle District of Pennsylvania is entitled to consideration; however, it is not dispositive under 28 U.S.C. § 1404(a). The Court must balance Plaintiff's forum preference against the remaining private and public interest factors identified by the Third Circuit.

A plaintiff's choice of forum is generally afforded less weight when the chosen forum has a weaker connection to the operative facts of the dispute. Here, the operative facts underlying Plaintiff's claims are centered in California.

Defendant resides in California. The alleged speech and expressive activity originated in California. The relevant evidence is located primarily in California. The witnesses with knowledge of the alleged conduct are primarily located in California.

Although Plaintiff alleges reputational harm in Pennsylvania, the location of alleged injury is only one consideration in the transfer analysis. The Court must also consider where the alleged

conduct occurred, where evidence is located, and where witnesses can most conveniently participate.

The Central District of California has the strongest connection to the underlying dispute and provides the more convenient forum for resolving this matter.

## V. CONCLUSION

For the foregoing reasons, Defendant Daniel Bozin respectfully requests that this Court grant his Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and transfer this action to the United States District Court for the Central District of California.

Alternatively, Defendant respectfully requests that the Court sever Defendant Daniel Bozin's individual claims pursuant to Federal Rule of Civil Procedure 21 and transfer those claims to the Central District of California.

Respectfully submitted,

/s/ DANIEL BOZIN

Daniel Bozin
Defendant Pro Se
9663 Santa Monica Blvd #539
Beverly Hills, CA 90210
(310) 237-3605
danbozin@gmail.com

Date: August 24, 2026