**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HONORABLE LORI HACKENBERG**<br><br>Plaintiff,<br>v.<br><br>**DANIEL BOZIN, BOZIN MEDIA GROUP, LLC, d/b/a BOZIN MEDIA and BOZIN HOLDINGS, LLC**<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **NO: 4:25-cv-01024 MWB** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, DANIEL BOZIN'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)**

## I. INTRODUCTION

Mr. Bozin's Motion intentionally omits critical facts regarding litigation he instituted in California. Chief among them is the fact that nearly all of these actions were dismissed by the Court or on his own request.

As to the merits of Mr. Bozin's Motion, there are no factors, private or public that weigh in favor of transferring Plaintiff's defamation complaint to California. Defendant entirely failed to meet his heavy burden of overcoming Plaintiff's choice of forum. Mr. Bozin's motion must be denied.

## II. STATEMENT OF PERTINENT FACTS

### A. Pertinent Statement of the Case

Plaintiff incorporates the factual allegations contained in her Second Amended Complaint (ECF #15) as though set forth fully herein. Specific allegations are referenced herein with specific citation.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

### B. Counterstatement of Facts Purportedly Offered by Defendant Bozin[1]

*I. Nearly All Of The Lawsuits Filed By Mr. Bozin Were Dismissed Or Withdrawn*

Mr. Bozin identifies 5 lawsuits he filed in the Los Angeles Superior Court. Four of those five lawsuits have been dismissed by the Court or at Mr. Bozin's request:

- *Bozin v. Shellenberger*, 24SMCV06038 – Dismissed on April 14, 2026 (Exhibit "A");
- *Bozin v. Geisinger Health System*, 22VECV02375 – Dismissed on February 21, 2025 (Exhibit "B");
- *Bozin v. Yerger*, 24 VECV04208 – Dismissed December 30, 2025 (Exhibit "C");[2]
- *Bozin v. Rupert*, 24VECV04225 – Request for Dismissal by Mr. Bozin filed on April 30, 2025 (Exhibit "D").

The only remaining claim *Bozin v. Yerger*, 24STRO08606 is a claim for civil harassment to which Plaintiff is not named as a party. *See* Exhibit "E." More importantly, however, it is filed against an individual whom Mr. Bozin has been convicted of stalking. *See* Exhibit "F" at pg. 14 ("In CR-112 of 2026, Mr. Bozin is pleading and will be sentenced on stalking and terroristic threats for four of the victims in that matter: **Austin Yerger**, Sara Shellenberger, Lisa Snook, and Bobbi Martin.")

*Ii. Mr. Bozin Only Named The Plaintiff As A Party To His California Litigation **After** This Litigation Was Filed*

Mr. Bozin claims Plaintiff was a party to the California matter of *Bozin v. Shellenberger*, 24SMCV06038 **before** this litigation was filed. That assertion is false. Mr. Bozin filed his initial

---

[1] Plaintiff notes separately here that pro se litigants are bound by Rule 11. *Williams v. Assistant DA John R. Canavan*, 2025 U.S. Dist. LEXIS 258853 (M.D.Pa. Dec. 15, 2025) ("[w]hile the court is directed to give pro se litigations 'greater leeway' in some respects, especially when interpreting their pleadings, pro se litigants cannot flout the rules—'they must abide by the same rules that apply to all other litigants.'"). Mr. Bozin's misleading and false references to his California litigation are subject to Rule 11.

[2] Mr. Bozin filed a Motion to Vacate Dismissal on August 20, 2026.



THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

complaint on December 11, 2024. A copy of Mr. Bozin's initial complaint is attached as Exhibit "G." Plaintiff is not listed as a party:

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| DANIEL BOZIN, an individual<br><br>Plaintiff,<br><br>v.<br><br>SARA L. SHELLENBERGER, an individual<br>LISA M. SNOOK, an individual<br>TEMILOYA S. MILTON, an individual<br>DOES 1-100, inclusive,<br><br>Defendant(s). | CIVIL ACTION NO 24SMCV06038<br><br>**COMPLAINT FOR DEFAMATION, FRAUD, HARASSMENT, EXTORTION, CONSPIRACY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND DAMAGES** |

On November 10, 2025, several months after this litigation was filed, Mr. Bozin filed an amended complaint purporting to add Plaintiff as a defendant. A copy of Mr. Bozin's amended complaint is attached as Exhibit "H." Notably, Mr. Bozin's Amended Complaint references this litigation. *See* Exhibit "H" at ¶¶ 9, 40, 41, 71.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| DANIEL BOZIN, an individual<br>Plaintiff,<br>v.<br>SARA L. SHELLENBERGER, an individual<br>LISA M. SNOOK, an individual<br>LORI R. HACKENBERG, an individual<br>ALISON VICTORIA HART, an individual<br>PAMELA R. COOK, an individual<br>BOBBIE MARTIN, an individual<br>HEATH BROSIUS, an individual<br>GARRETT MARVICH, an individual<br>MARCIA MOORE, an individual<br>**JOHN BEAUGE,** an individual<br>SCOTT ZIEGLER, an individual<br>**HAROLD** WOELFEL JR., an individual<br>ADRIEN R. YERGER, an individual<br>DOES 1-100, inclusive,<br>Defendant(s). | CIVIL ACTION NO 24SMCV06038<br><br>FIRST AMENDED COMPLAINT |

Mr. Bozin's action was then dismissed on April 14, 2026 for failing "to file proofs of service confirming that the summons and amended complaint have been served[.]" *See* Exhibit "A."

## III. THE LAW

### A. Standard for Transfer of Venue

"The Third Circuit dictates that a district court must follow a three step analysis when making a *forum non conveniens* determination: it must decide whether a defendant failed to 1) show an alternative forum exists, 2) undercut the presumption that a plaintiff's choice of forum is proper, and 3) show that the balance of public and private interest factors favors dismissal." *Kyko Global, Inc. v. Prithvi Information Solutions LTD.*, 2020 WL 1159439, at *36 (W.D. Pa. Mar. 10, 2020) (citing *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 188 (3d Cir. 2008)). When



THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

deciding Defendants' motion, the Court must ***"accept as true all factual allegations in the complaint and draw[] all reasonable inferences in favor of the nonmoving party."*** *Shi v. New Mighty U.S. Trust*, 918 F.3d 944, 948 (D.C. Cir. 2019) (citing *Ctr. For Law & Educ. v. Dep't of Educ.*, 396 F.3d 1152, 1156 (D.C. Cir. 2005)) (emphasis added); *see also Bany v. Health Devices Corp.*, 2007 WL 2153285, at *2 (W.D. Pa. Jul. 23, 2007) (same); *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). ***Defendants bear the burden of persuasion on all elements of the analysis***. *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43-44 (3d Cir. 1988) (reversing FNC dismissal).

There is no "rigid rule to govern discretion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981); *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 188 (3d Cir. 2008). The Court has "substantial flexibility in evaluating a *forum non conveniens* motion," and "each case turns on its facts." *Van Cauwenberghe v. Biard*, 486 U.S. 517 (1988) (denial of request for FNC dismissal is not immediately appealable as a matter of right). Contrary to Mr. Bozin's bald argument to the contrary, **"a plaintiff's choice of forum should rarely be disturbed."** *Piper Aircraft*, 454 U.S. at 241 (emphasis added). Indeed, "a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome **<u>only</u>** when the balance of the public and private interests clearly favors an alternate forum." *Windt v. Qwest Communs. Int'l, Inc.* 529 F3d 183 (3d Cir. 2008). "[W]hen plaintiff's home forum has been chosen, it is reasonable to assume that this choice is convenient and plaintiff's selection is entitled to greater deference when plaintiff chooses the home forum." *Kovatch Corp. v. Rockwood Systems Corp*., 666 F.Supp. 707 (M.D.Pa. Dec. 1986). "While implementation of the doctrine is a matter largely entrusted to the discretion of the Court, **it must be sparingly applied**, inasmuch as its application results in the dismissal of a case over which the Court has jurisdiction and would ordinarily have

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

a duty to resolve." *Am. Cyanamid Co. v. Picaso-Anstalt*, 741 F. Supp. 1150, 1155 (D.N.J. 1990) (denying FNC motion) (emphasis added).

*i. The Private Interest Factors All Weigh in Favor of Denying Defendant's Motion*

The private interest factors considered in the *forum non conveniens* analysis are: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing, witnesses; (3) possibility of view of premises, if view would be appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947).

Initially, there can be no dispute that Pennsylvania is Plaintiff's home forum. Thus, to overcome Plaintiff's choice of venue, Defendant was required to meet a heavy burden. Mr. Bozin only makes bald claims of purported inconvenience without any evidentiary support.

Furthermore, a review of the complaint makes clear that the entirety of this action involves parties, third parties and incidents that occurred in the Commonwealth of Pennsylvania:

- Mr. Bozin was charged in Snyder County, Pennsylvania (ECF #15 at ¶2);
- Plaintiff alleges Mr. Bozin's motive for this litigation involves a bench warrant signed by Plaintiff in Snyder County, Pennsylvania (*Id.* at ¶¶24-26);
- Mr. Bozin repeatedly left false and defamatory voicemail messages with the Snyder County government (*Id.* at ¶¶5-6);
- Mr. Bozin's defamations relate to a custody case which occurred in Snyder County, Pennsylvania (*Id*. at ¶¶28-38);
- Mr. Bozin started a website and facebook page entitled "Fight Corruption **PA**" plainly directing his defamation toward Pennsylvania (*Id.,* generally);
- Mr. Bozin sought to influence local Pennsylvania politics by continuing to seek the impeachment of Plaintiff (*Id.* at ¶¶42-43);



THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

- Mr. Bozin's defamations included claims that corruption was occurring in **Pennsylvania** (*Id.* at ¶43);
- Mr. Bozin made false and defamatory claims about a party involving Plaintiff's daughter who is located in Pennsylvania (*Id.* at ¶¶45-46);
- Mr. Bozin hired a company in Pennsylvania to fly a banner over a Snyder County Night Out event linking to his "fightcorruptionpa" website (*Id.* at ¶¶47);
- Mr. Bozin's ongoing defamations since the filing of the instant lawsuit continue to direct defamations toward Pennsylvania (*Id.* at ¶55).

Furthermore, within 24 hours of filing the instant motion, Mr. Bozin was posting on his new "news" website called Snyder County News about this filing:[3]

**Hackenberg v Bozin Takes New Turn as Bozin Seeks California Transfer, Alleges Campaign to Silence Him**

Snyder County News Follow 10 min read · Aug 25, 2026

His newly formed news organization only further highlights his connection to the Commonwealth of Pennsylvania.

The third-party witnesses, including the individuals in Snyder County who received Mr. Bozin's defamations, the evidence establishing the falsity of Mr. Bozin's claims, and all of the witnesses pertinent to establishing the facts underlying the custody claims are all individuals within the Commonwealth of Pennsylvania. Litigating claims in California would make it impossible to

[3] https://medium.com/@snydercountynews/hackenberg-v-1a5dbb1b76bb



THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

compel these third parties to attend depositions and trial where Fed.R.Civ.P. 45(c) places strict limitations on the party's ability to subpoena their attendance on a separate coast of the country.

The only individual that will be convenienced by transfer across the country is Mr. Bozin. It is well settled that "transfer is not warranted where the effect would be to shift inconvenience from defendant to plaintiff." *Edwards v. Equifax Info. Servs., LLC*, 318 F.Supp. 3d 618 (E.D.Pa. June 20, 2018). Mr. Bozin claims that documents pertinent to his research and publication of defamations is all in California. However, the location of documents "lacks real world significance, because document production does not involve physical search and retrieval, but electronic download. . . [a]ny pertinent documents are easily transmitted to this forum, not just for purposes of discovery, but for docketing and production at trial." *Id*. at 624-23. Furthermore, Mr. Bozin's reliance on his, now dismissed, lawsuits is irrelevant. Mr. Bozin has never served Plaintiff with litigation pending in California, nor has Mr. Bozin identified how he could obtain personal jurisdiction over Plaintiff in California. Mr. Bozin's meritless, and dismissed, lawsuits have no bearing on the Court's analysis.

The private interest factors weigh heavily in favor of denying Mr. Bozin's Motion to Transfer Venue. Significantly, the only factors he claims weigh in his favor are easily dispelled.

*ii. The Public Interest Factors All Weight in Favor of Denying Defendant's Motion*

The public interest factors to consider in the *forum non conveniens* analysis include: (1) administrative difficulties due to court congestion; (2) local interests in having the case tried at home and the related desire to avoid unfairly burdening citizens in an unrelated forum with jury duty; and (3) conflicts of law problems or difficulties in the application of foreign law. *See Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869 (3d Cir. 2013).

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

First, the facts of plaintiff's complaint make clear that this is a matter involving significant local interests. Indeed, Mr. Bozin's false claims against a Pennsylvania resident, directed to other Pennsylvania residents necessarily establishes this as a local controversy. As plead in the Second Amended Complaint, Mr. Bozin's defamations were all targeted toward individuals in Middelburg Pennsylvania. ECF #15 at ¶43 ("Corruption in Pennsylvania Cost$ **you**") (emphasis added). The claims at issue in this litigation all stem from local issues and local injuries.

Second, transfer to California would require a California Court to apply Pennsylvania defamation law. Mr. Bozin's defenses to this matter rely explicitly on the Pennsylvania UPEPA and the Constitution of the Commonwealth of Pennsylvania. (ECF #45 at pg. 21). Thus, Mr. Bozin recognizes that litigation in California would needlessly require a California Court to apply Pennsylvania law. *Gold Line, Inc. v. OurBus, Inc.*, 2022 U.S.Dist. LEXIS 198037 (M.D.Pa. Oct. 31, 2022) ("[d]istrict courts in Pennsylvania are more familiar with Pennsylvania law than those courts outside the Commonwealth, so this factors weighs against transfer."); *Prell v. Columbia Sussex Corp*., 2007 U.S. Dist. LEXIS 78533 (E.D.Pa. Oct. 22, 2007).

Thus, the public interest factors likewise weigh in favor of denying Defendant's Motion.

[this space is intentionally left blank]

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

## IV. CONCLUSION

Mr. Bozin's Motion to Transfer Venue Pursuant to 28 U.S.C. 1404(a) is legally and factually meritless and must be denied.

Respectfully submitted,

**THE BEASLEY FIRM, LLC**

BY: */s/ Andrew M. Marth*

JAMES E. BEASLEY, JR.
LANE R. JUBB
LOUIS F. TUMOLO
ANDREW M. MARTH
THE BEASLEY BUILDING
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (telefax)
Attorneys for Plaintiff

Dated: September 8, 2026